SARAH CARSON

V.

CITY OF BLOOMINGTON.

VERDICT AGAINST EVIDENCE.—The Court, from an examination of the record, being of opinion that the verdict is against the evidence, reverse the judgment of the lower court, and remand the cause, but as the case will be submitted to another jury, the evidence is not discussed in detail.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. BLOOMFIELD & HUGHES, for appellant; against the admission of the city ordinances as evidence, there being no authority for enacting such ordinances, cited City of Alton v. Hartford Fire Ins. Co. 72 Ill. 328.

The court erred in remanding the defendant to the custody of the sheriff till the fine and costs were paid: Kinmundy v. Mahan, 72 Ill. 462.

This action was debt for a penalty when it was tried on appeal from the justice: Hoyer et al. Town of Mascoutah, 59 Ill. 137.

PER CURIAM. The defendant was prosecuted before a justice of the peace for a violation of the ordinance of the city of Bloomington. On appeal to the Circuit Court defendant was found guilty, and a fine of twenty-five dollars assessed against her. She entered a motion for a new trial, for the reason, among others, that the verdict was against the evidence. This motion was overruled and judgment rendered against her, and the cause brought here by appeal.

It is assigned for error that the judgment is against the evidence, and after a careful examination of all the proof in the record, we think the error well assigned.

As the case will go before a jury again, we are not disposed to discuss the evidence in detail, but we think the verdict so clearly and manifestly against the weight of the evidence as

to show that injustice has been done appellant, and that her case should be again submitted to a jury.

Appellee's attorneys probably entertain the same view, as they file no brief in the case.

Judgment reversed and cause remanded.

Reversed and remanded.

Davis, J. I think this cause should be reversed and remanded, but not for the reasons given by the court.